United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICA HILL,<br>Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-01256 |
| PATRICK O'CONNOR & ASSOCIATES, L.P.,<br>Defendant. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Patrick O'Connor & Associates, L.P.'s ("Defendant") motion to dismiss and to enforce settlement agreement. (Dkt. 33). Having considered the parties' filings, the response, the applicable law, and the evidence presented during the hearing conducted on October 27, 2026, the Court finds that Defendant's motion should be **GRANTED**.

## I. BACKGROUND[1]

Erica Hill ("Plaintiff") brought suit against Defendant Patrick O'Connor & Associates, L.P. Plaintiff alleged discrimination claims under Title VII of the Civil Rights Act, the Equal Pay Act, and the Texas Commission on Human Rights Act. (Dkt. 1 at p.1). On April 1, 2026, the parties, with counsel, mediated this case. (Dkt. 33 at p .2). The mediator issues a proposed settlement on April 3, 2026, and gave the parties a deadline to

[1] The Court largely relies on facts about the timeline of settlement from Defendant's Motion (Dkt. 33) because Plaintiff's counsel did not dispute them in the hearing and referred to them as "accurate" in her response. (Dkt. 34 at p. 1).

accept. (*Id.*). Both parties accepted before the deadline expired. (*Id.*). On April 22, Defendant's circulated a draft Settlement Agreement and on April 28, 2026 Plaintiff's counsel confirmed that it was acceptable. (*Id.*). On May 11, 2026, Defendant's were informed that Plaintiff was unhappy with the tax split and after some back and forth, on May 28, 2026, Defendant agreed to the tax split revision. (*Id.* at pp. 2-3). However, Plaintiff would not sign the agreement. Defendant filed this motion to enforce settlement, and the Court held a hearing on October 27, 2026. (Dkt. 41).

## II. LEGAL STANDARD

The Fifth Circuit has recognized that "a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020) (internal quotations and citations removed). "Texas law treats a settlement agreement as a contract, and courts typically analyze an agreement's enforceability following contract law." *Dunbar Med. Sys. Inc. v. Gammex Inc.*, 216 F.3d 441, 452 (5th Cir. 2000).

"[F]ederal contract law is largely indistinguishable from general contract principles under state common law," so the Court may rely on federal cases and state contract law—here, Texas—to analyze the enforceability of a contract. *In re Deepwater Horizo*n, 786 F.3d 344, 354 (5th Cir. 2015) (internal quotation marks and footnotes omitted); *Lopez v. Kempthorne*, No. H-07-1534, 2010 WL 4639046, at *4 (S.D. Tex. 2010) ("The federal law of contracts 'uses the core principles of the common law of contracts that are in force in most states") (quoting *Smith v. United States*, 328 F.3d 760, 767 n. 8 (5th Cir. 2003)).

Binding and enforceable contracts are formed when an offer is made and accepted, when there is a meeting of the minds, and when the terms are set forth with enough detail to define the parties' obligations. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003). "In order for a court to enforce a contract, the parties must agree to the essential terms of the contract." *Disney v. Gollan*, 233 S.W.3d 591, 595 (Tex. App.—Dallas 2007, no pet.). "The essential terms for a settlement agreement are the amount of compensation and the liability to be released." *Id*. "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity." *Mid.-S. Towing Co. v. Har-Win, Inc*., 733 F.2d 386, 392 (5th Cir. 1984).

**III. ANALYSIS**

Plaintiff's counsel informed the Court that she "respectfully defers to the Court concerning whether the record establishes an enforceable settlement agreement" (Dkt. 34 at p. 1) in part because there was a pending dispute regarding her continued representation and settlement authority for Plaintiff. (Dkt. 33; Dkt. 41). The Court has resolved this dispute and finds that Plaintiff's counsel did have settlement authority and continued to represent Plaintiff at all times relevant to determining enforcement of the settlement agreement. (Dkt. 41).

First, the Court finds that the settlement agreement constitutes a binding and enforceable contract – *i.e.*, the settlement agreement was 1) made and accepted, 2) there was a meeting of the minds, and 3) the terms were set forth with enough detail to define the parties' obligations. *Am. Heritage Life Ins. Co.*, 321 F.3d at 538. Plaintiff gave her

counsel settlement authority, accepted the settlement proposal set forth by the mediator by the deadline, then again confirmed to counsel that she accepted the agreement in writing. (Dkt. 33 at p. 2-3). Additionally, one of Plaintiff's more pressing issues with the accepted settlement was the tax division and Defendant subsequently agreed to the changes. (Dkt. 33 at p. 8). These actions satisfy the requirements for a binding and enforceable contract.

Second, the Court finds that Plaintiff presents no persuasive argument for why the contract she entered into is not valid. At a hearing, Plaintiff admitted that she agreed to the settlement amounts, but the terms were different. (Dkt. 41 at 11:14). However, "even where the parties have not yet agreed to the precise terms and language of the release, they may nonetheless form a binding settlement agreement by agreeing to both the existence of a release and the amount of payment." *In re Deepwater Horizon*, 786 F.3d at 357 n. 28. Additionally, Plaintiff had accepted the offer both through her counsel of record and through her later agreement in writing. (Dkt. 33 at p. 2-4; Dkt. 41); see *Quesada v. Napolitano*, 701 F.3d 1080, 1083 (5th Cir. 2012) (saying "[u]nder our precedents, an attorney of record is presumed to have authority to compromise and settle litigation of his client, and a judgment entered upon an agreement by the attorney of record will be set aside only upon affirmative proof of the party seeking to vacate the judgment that the attorney had no right to consent to its entry.") (internal quotations omitted). It was only after Plaintiff was presented with the agreement that she had previously consented to, that she changed her mind. However, this does not change the fact that the agreement was already binding because "even if a party 'who has previously authorized a settlement changes his

mind when presented with settlement documents, that party remains bound by the terms of the agreement.' " *Landry's LLC v. Houston Interactive Aquarium & Animal Pres. LLC*, No. 4:23-CV-01229, 2024 WL 992763, at *1 (S.D. Tex. Feb. 28, 2024) (quoting *Fulgence v. J. Ray McDermott & Co*., 662 F.2d 1207, 1209 (5th Cir. 1981). Therefore, the Court finds that Plaintiff and her attorney of record had accepted the agreement and material terms and could not rescind this acceptance simply because she changed her mind.

## IV. CONCLUSION

Defendant Patrick O'Connor & Associates, L.P.'s Motion to Dismiss and to Enforce Settlement is **GRANTED**. This case is dismissed with prejudice. This is a final judgment.

SIGNED at Houston, Texas on November 16, 2026.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE